We're happy to hear your argument, and our last case, No. 15-4363. Mr. Carpenter, whenever you're ready. May it please the Court. The government and the probation office in this case were correct in the district court when they agreed that my client's prior conviction does not qualify as a crime of violence. That's true for three reasons. First, is that the statute's mens rea element is broader than that of generic aggravated assault. Second, the deadly weapon element is also overbroad. And third, is that each of those elements is indivisible under this court's well-established precedent. I'd start briefly with the generic definition of aggravated assault, which is an issue this Several other circuits have adopted the model penal codes definition, which requires a mens rea of extreme indifference recklessness. The Ninth Circuit has gone even further than that based on its survey of state law and required knowing or intentional conduct. We win this case under either of those formulations. And in fact, the district court here even agreed that the Texas statute is broader than the generic offense. The court's error was in finding that the statute was divisible. In making that determination, Judge Conrad did not consult this court's well-established post-day camp precedent, which says that the divisibility inquiry turns on whether state law requires the jury to agree unanimously on which of the statutory alternatives is present. Here, we have clear Texas law on that issue. The Landry in case in 2008 says it would not matter if six jurors found one mental state while the other six found a different mental state. That was reiterated in the Hicks decision in 2012, which said, as we explained in Landry, the jury need not be unanimous on whether the defendant intentionally, knowingly, or recklessly committed the aggravated assault. Under this court's precedent, that Texas law is dispositive. That's the end of the inquiry. And the statute isn't divisible. And because it's overbroad, it should not have counted as a crime of violence. That outcome, based on this court's precedent, makes a lot of sense from a policy perspective as well when we look at what the Supreme Court's trying to decide or trying to do with the day camp decision. What day camp says is that in this analysis, we are trying to separate out what are truly the elements of the offense from what the court describes as amplifying but legally extraneous allegations that often find their way into indictments. The court in day camp says we don't want to rely on those kinds of allegations to impose these kind of severe sentencing enhancements because those allegations are often wrong and because a defendant charged in these indictments has very little incentive to contest these extraneous allegations. That's absolutely true under this Texas statute. If you imagine for a moment what a good Texas lawyer would have advised my client when he was charged with this offense. You imagine that my client comes in and says, I'm innocent of this offense. I agree with everything that the indictment says. It's all right except I didn't act knowingly or intentionally as the indictment says. I acted recklessly. So I'm innocent of this offense. But a good Texas lawyer is going to say to my client in that situation, you're charged under 2202. That statute includes, although it's not cited in the indictment, it includes mens rea of recklessness. And so under the statute, you're still covered. Then that lawyer is going to look at the Roka case back from 1982 and the Hicks case now from 2012 that's reaffirmed the same principle and say even though that indictment doesn't say knowingly or intentionally, it only says knowingly or intentionally, the state would be entitled if we take this to trial to a jury instruction under a recklessness theory. As a result of that, it's in your best interest to plead guilty to this offense, to accept responsibility and not to quibble about these extraneous allegations that are irrelevant to your guilt and they're irrelevant to the level of punishment that you receive under Texas law. In that circumstance, treating the offense as indivisible is exactly what Day Camp would suggest that we should do. The government makes an alternative argument in this case that ordinary recklessness is close enough, so to speak, to the extreme indifference recklessness that the model penal code requires. That same argument has been rejected by the Sixth Circuit in the McFalls case and by the Ninth Circuit first in the Esparza-Herrera case and then more recently in the Garcia-Jimenez case. The reason that's rejected is that there is a clear distinction in the model penal code and in many states between these two mens rea requirements. But the authority is divided on this question. Does that affect your argument? It does not. I agree with you that there is a Fifth Circuit decision that does treat it as sort of close enough. I think that's not, that's the Guillen-Avarez case. I'd say it's not persuasive for several reasons. The first is that the Fifth Circuit applies something different than the categorical approach. So if you look at Guillen-Avarez and you look at the case on which it relies, which is Mangia-Portillo, both of those cases reject the categorical approach, apply their own spin on how to do these recidivism issues. So that's the first reason. This Court's precedent is clear that in this context we use the categorical approach and that if one, if the element of the state offense is broader than the element of the generic offense, then it's not a categorical match. So that's the first reason to reject the Fifth Circuit's approach. The second reason is that the Fifth Circuit simply didn't grapple in these decisions with the substantive difference between ordinary recklessness and extreme indifference recklessness. If you look at the model penal code, it identifies the extreme character of recklessness that warrants higher penalties. And many states have followed that same approach. If you look at the chart in our reply brief at pages 11 and 12, it identifies in the right-hand column the statutes in various states that use an ordinary recklessness standard. Six of those ten states have an enhanced penalty, enhanced offense and enhanced penalty, if the offense instead involves the extreme indifference standard. That's clearly a difference in the terminology, which is the doctrine that the government's invoking in this case. So for those reasons we think the Fifth Circuit, and I guess the final reason to say that the Fifth Circuit's decision on this isn't persuasive is that it has been rejected by the subsequent decisions from the Sixth Circuit and the Ninth Circuit. Even with that Fifth Circuit precedent on the books, they have not followed it and have charted their own course, which I think is much more consistent with this Court's precedent. If there are no other questions on the divisibility, I would at least turn briefly to the alternative argument on the deadly weapon element. If the Court agrees with us, of course, on mens rea, there would be no need to address the deadly weapon issue. But we do believe that the Texas statute is overbroad for a second reason, and that is that we believe the generic definition of aggravated assault, as defined by the majority of states, should require that a deadly weapon be something external to the offender's own body. If you look at the Ninth Circuit's survey in the Roka case and, more recently, the Connecticut Supreme Court's survey in the LaFleur case, both of those find that a majority of states exclude body parts, hands, feet, teeth, from being considered a deadly weapon for purposes of an aggravated assault statute. We believe that majority approach should be reflected in the generic definition of the offense, and that would provide a second reason that the Texas statute is overbroad. Because in contrast to the majority of states, in contrast to the model penal code and the sentencing guidelines, the Texas statute says that anything counts as a deadly weapon, so long as it is capable of causing serious bodily injury. So for that reason, we believe it is overbroad as well. If there are no other questions, I'll stop. I think we understand your argument. You have some time for rebuttal. Thank you.  May it please the Court. Anthony Enright for the United States. The District Court properly concluded that Mr. Barson is young, as had previously been convicted of an offense that constitutes a crime of violence under Section 201.2 of the Sentencing Guidelines. I notice the government didn't press this argument in front of the District Court. We didn't, Your Honor. The federal government conceded it's contrary. We didn't. I don't know that we affirmed it. So you made an error there? We certainly made a mistake, Your Honor. The District Court did not. I respectfully suggest the District Court got it exactly right when it found that the Texas offense of aggravated assault, which can be committed intentionally, knowingly, or recklessly, is divisible. That sets forth the mens rea element in the alternative. And contrary to what the defense says, Texas law makes absolutely clear that those alternatives are elements and not means. An element is something that must be proven to a jury and found beyond a reasonable doubt. And under Texas law, Mr. Barson's youngest could not have been convicted of the offense of which he was charged, unless a jury under Texas law unanimously found that he acted intentionally or knowingly. Well, the use of disjunctive or doesn't automatically render an offense divisible, does it? No, Your Honor. Not under this Court's precedent. But Texas law goes a step further. Also under Supreme Court precedent, right? Pardon me, Your Honor? Never mind. Go ahead. I should let the Court know there is a decision currently pending before the Supreme Court, United States v. Mathis. We know that. Okay. It's addressing that issue. But even regardless of how Mathis might come out, the Texas law makes clear that if you are charged with intentionally or knowingly and you omit be convicted of the lesser included offense, that's what Texas law calls it, of recklessly committing an aggravated assault, unless the jury acquits you or you are otherwise acquitted of intentionally or knowingly committing aggravated assault. What do we do about the decision from the Texas Criminal Appellate Court, which I think is the highest court dealing with criminal cases in Texas? I think there are several decisions from the Texas Appellate Court. If you're referring to the decision that there's no indication that the legislature intended for intentional bodily injury assault to be a separate crime from a knowing bodily injury assault, or that both of those differ from reckless bodily injury assault, all result in the same punishment, they are conceptually equivalent. They result in the same penalty. And if a defendant, what Texas law does, that I It doesn't sound to me, it sounds to me like it directly contradicts what you just said that the statute required. The reason that I don't think that's correct is because Texas law, unlike other jurisdictions, makes the charging decision significant to what the offense is. And if he had been charged with intentionally, knowingly, or recklessly committing aggravated assault, I think it's absolutely correct. The penalty would not have mattered. The penalty would not have changed based on what a jury found. And he could have been convicted if some jurors had found him to have acted knowingly and some jurors to have found him recklessly. But Texas law makes clear the Hicks case, the Reed case, that if he's charged the way Mr. Barsanjianis was charged, with intentionally or knowingly, then a jury must unanimously find that he acted at least knowingly in order to convict him of that offense. And so it's really state law that takes the question back to what's in the indictment. So is your answer to Judge Mott's, the Texas Court of Criminal Appeals just got it wrong? No, Your Honor. I do think... I'm sorry, I'm not following then. Your Honor, I think the Texas Court of Criminal Appeals is talking about a situation where the offense, each of the three alternatives, is included within the charge. And other cases... Do you know that? Yes, Your Honor. Other cases from the Texas... I mean, you know that in that case, that was the situation? No, I... And that was a basis for the opinion? No, Your Honor. Then how can you say that? Because in other cases from the Texas Court of Criminal Appeals, the court has said that you cannot be convicted of intentionally... you cannot be... a jury cannot be instructed on the theory of recklessness, unless it's also instructed that it must acquit of someone who is charged with intentionally or knowingly committing an aggravated assault. Because reckless is not a lesser included. Reckless is a lesser included under other decisions by the high Texas court. But the case we're talking about now says that's not true. That they're all the same. I think those cases are harmonious, Your Honor, because I think what Texas law does is it places more significance on the charging decision than some other jurisdictions might. If you are charged with intentionally, knowingly, or recklessly committing aggravated assault, then yes, they are all the same. But if you are not, if as Mr. Barsanagianis was charged, you're charged with intentionally or knowingly, but not recklessly. So can we even look at the indictment in this case? I think we can look at the indictment. Why can we look at it? Because it's a Shepard-approved document? Because it's a Shepard-approved document. But we don't look at Shepard. We don't look at any documents, if it's divisible. I have two responses to that, if I may, which is I think what this Court's precedents say is that it's inappropriate to look at a Shepard-approved... a Shepard document if the modified categorical approach does not apply, if a statute is not divisible. But I do not believe this Court's precedent exclude looking at a Shepard document as part of the divisibility analysis, and I'd respectfully suggest that Note 2 of de Camp suggests that it should. And the second reason I think that it's appropriate to look at that document as part of the analysis is because under this Court's precedent, you go to state law, and state law in this case tells you that it is significant in order to determine whether something is something that must be found by a jury or not. You have to look at the charging document. And so state law also authorizes this Court to look at the charging document as part of determining whether under state law the alternatives are means or elements in order to make a determination in the first instance about divisibility. And then if the Court concludes that it is divisible, as I think the District Court correctly did, then it's appropriate to look at the Shepard documents and determine which alternatives he was convicted of. And Mr. Barsanianis was convicted of the intentionally or knowing variety, which brings his statute or brings the offense of which he was convicted within the generic definition of aggravated assault and also brings it within the force clause. The Supreme Court in Castleman said a statute that's nearly identical, a statute that has that involves intentionally or knowingly causing bodily injury to another. That one was also one that initially had recklessly in it, but he had pleaded guilty to intentionally or knowingly. That involved, that statute involves a use of force, and then the Johnson decision from the Johnson decision holds that the amount of force is sufficient if it's capable of causing injury. And injury, of course, is an element of the Texas offense. So if the statute's divisible, it meets the definition under the force clause and it meets the definition because it is a generic, it substantially corresponds to the generic definition of aggravated assault. Now, let me see if I can do a quick summary of your position. You agree that we have to look at this statute to determine whether it's divisible? Yes, Your Honor. And your argument is that this statute is divisible as between knowingly and recklessly? Yes, Your Honor. And the reason we know that is what, again? It's because... Because the decision's under Texas law. So then we go to case law. Yes, Your Honor. And the case law says, depending on how it's charged, reckless is the same as knowing. Correct. If it's charged in one way, reckless would be the same. So you say, then we go to a Shepard-approved document and we're still doing a categorical approach after all those steps? I would suggest, no, Your Honor. The state law says whether an element, whether a jury must unanimously agree that he acted  And so that takes you to looking at the charging document to determine if that's an element. And once you've made that determination that it is an element, because he must have been unanimously, a jury must unanimously have found him to have acted at least knowingly to convict him of the offense... And what is your best authority for why we can look at a charging document in undertaking a divisibility analysis? What's your best case on that? I have two for two different methods. The first is DECAMP itself, which says that when a state law is drafted in the alternative the court can resort to the approved documents and compare the elements revealed there to those of the general offense. Okay, and what's your second? The second is, under the approach that looks to state law, under Texas law, there's two decisions, Hicks v. Reed... I'm talking about federal, because it's a federal question, right? Yes, yes. So what federal authority do you have? The authorities from this court, such as Royal, Omar Grebe, Fuertes, that say that as part of the divisibility analysis, you look at state law to determine whether the alternatives that are in the statute are elements... State law, state law. Yes, Your Honor. An indictment, a charging document is not state law. So what authority do you have that we can go beyond case law and look at charging documents in our divisibility analysis? That is the authority that I do have. I don't have additional authority that goes to that extra step, but because... Well, that's important, isn't it? I agree, but I think federal authority tells us to look at state law, and state law then in turn tells us to look at the charging document. So that's a function of state law. Okay. I do also think, though, there's no... I'm not aware of any federal authority precluding this court from looking at the charging document as part of its analysis. I do believe this court suggested that was an appropriate approach in its initial Vinson opinion, which was... So you might want to look at Justice Kagan's exchange with an attorney in a recent oral argument. I have. I've heard about it. I haven't actually listened to the oral argument, and I certainly will now that you've recommended that. I do want to mention, though, however, even if this court concludes that the statute is not divisible, the Texas aggravated assault statute substantially corresponds to the generic definition, because the vast majority of jurisdictions that define aggravated assault do so using the recklessness standard, and the same one that Texas does. And the vast majority of those use the same standard. The vast majority of those that define recklessness do so in the same way that Texas does. There's a couple of things. We obviously have that long survey in our brief, but there's a couple of things... Well, maybe you can address the response in the government's reply. Certainly, Your Honor. I mean, in the defendant's reply. Certainly. That's exactly what I want to do. There's two things that stand out in that. The defendant or the defense says we were result-oriented because we used both misdemeanors and felonies. I would respectfully suggest that's a distinction made by the Sentencing Commission, because the Sentencing Commission defines the relevant enhancement as applying if, one, the offense is a felony, and two, if the offense is a crime of violence, which is in turn defined to include aggravated assault. So the sentencing guidelines explicitly contemplate that aggravated assaults can be misdemeanors or felonies, and you only get an enhancement if it's a felony. The second issue is he's provided a list of statutes where we have cited second-degree assault and said, well, it needs to be an aggravated form of assault because we're talking about aggravated assault. I don't really dispute that, but I would mention that in all of the states where we cited second-degree assault, there's also a third-degree assault. The third-degree assault in those states is the simple assault, and the second-degree assault is an aggravated assault that substantially corresponds to what the aggravated assault is defined in Texas. And in the one state in which we cited third-degree assault, there's a fourth-degree assault. And it's a fourth-degree assault that is a simple assault, and a third-degree assault corresponds to what you see in the aggravated assault statute in Texas. So I think any way you slice that, you have correspondence with, substantial correspondence with the generic definition. I do want to address briefly... Can you cite me the authority when we're doing a visibility analysis that would allow us to go to the charging document? Certainly, if you're right. If we just look at the statute and compare it against the model penal code, then the game's over, isn't it? Well... Because it's not divisible. No, Your Honor. I would suggest that even if it's not divisible, because aggravated assault is defined in a way in a majority of states that includes recklessness, even if the Texas statute is not divisible, then it would substantially correspond to the generic definition of aggravated assault. However, I do believe it is divisible. And to answer your question, I think there's two ways to look at how you get to a Shepard document before you make the conclusion that the modified pedagogical approach doesn't apply or that the statute's divisible. And the first, which I alluded to earlier, is that the de Camps specifically says that... Authored by Justice Kagan. Authored by Justice Kagan, yes. And I haven't listened to the oral argument in Mathis, and I don't think we've seen an opinion yet, so I don't know how the exchange will parse out. But the note does mention referring to the charging documents. And our precedent, or the precedent of this Court going on from Roy L. and its progeny is that you look at state law. And I would suggest that it is state law under Texas law that refers you to the charging document to determine what must be proven beyond a reasonable doubt to a jury. And under Texas law, if you are charged with intentionally or knowingly committing aggravated assault, a jury must unanimously find that you acted at least knowingly. So the statute would be divisible or not strictly depending on the way a particular prosecutor in one of the many, many counties in Texas charged the offense. The question is, yes, Your Honor. So the statute can go back and forth. It can be deemed divisible in some circumstances, but not divisible in some other circumstances. No, Your Honor. I think the answer is... I don't know how you avoid that. It has to be yes. I disagree, because I think the answer to divisibility isn't a local question. The question is, because Texas law attaches that significance to a charging document, then the statute is divisible because a jury must find one of those alternatives beyond a reasonable doubt if it is charged in the alternative. Or if it is not charged, including all the alternatives. And then the question becomes, was the person charged in a way where the modified categorical approach leads to the conclusion that it's a qualifying offense? And then the answer to your case would be, in some cases, yes. And in other cases, no. Unless you agree with my position that categorically it does apply. It does qualify as an aggravated assault. I want to briefly address the hands and feet issue. Both the defense, who has stood by this today, and I, and Texas, and a majority of states, agree that the definition of a dangerous weapon is functional. It's dangerous if it's capable of causing serious bodily injury, or in Texas, death or serious bodily injury. And hands and feet are capable of causing serious bodily injury. The district court did not plainly err by declining to conclude otherwise. And I see my time is almost up. If the court has no further questions, I will yield the balance of my time back to the court. Thank you very much. Thank you, Your Honor. I think the court generally understands our argument, but I did want to highlight two specific things. First, there was a lot of discussion about whether we can look to the documents to determine the visibility in the first place. And as we said in the brief, that is an analysis that puts the cart before the horse. This court's precedent has been clear that that inquiry turns on this state law jury unanimity issue. State law on that in Landry and Hicks is clear. But more than that, looking to the documents to determine the visibility would completely undermine the purpose of the day camp analysis in the first place. And I think that's why Justice Kagan was so fired up about this. The purpose of day camp is to filter out all of these extraneous allegations that get into indictments that have no consequence in terms of guilt or innocence and in terms of punishment. That's exactly what the case is here with the inclusion in this particular indictment of an allegation of knowing or intentional as opposed to reckless. That is as extraneous as it can be from a client's perspective who's facing that charge. It has no impact on his guilt. It has no impact on the level of punishment that he would face. And so allowing us to look at the documents would be inconsistent with desk camps. The second thing I wanted to respond to very quickly was on the survey. I think our reply brief explains our position on why we disagree with the government survey. But I would point out that the distinction we're drawing isn't really between a felony and a misdemeanor. As counsel suggested, it's between, especially if you look at North Dakota and Ohio, the statutes, or the states where the government cited misdemeanor statutes. In those cases, there are two statutes, assault and aggravated assault. The guidelines say what we're trying to find the definition of aggravated assault. And yet the government looks to the assault statute. That's why we think they're kind of cherry picking to get the answer they want. The final thing I would mention is just to remind the court that we filed a motion to expedite in this case back in December based on the fact that my client would likely over serve his guidelines range. And that has happened. In our view, the guidelines that should have applied here were 24 to 30 months. He's already been in custody for 28 months, counting BOP credit. He now has credit for 32 months. So we believe, I would ask the court to consider the motion to expedite. I don't see a reason to wait on the Mathis case. You want us to reverse right now? I would love you to reverse right now. And I will file a motion to expedite issuance of the mandate as well. I would like to get my client re-sentenced so that he can get home to Mexico. You know, this circuit has this line of cases that frankly are not my favorite but indicate that district judges in appropriate circumstances can give alternative sentences. You know, one of these, even if I'm wrong here, this is what I would do. Are the district judges not doing that or wary of that? I'm just curious. A few of them occasionally do it. I will say that I'm not sure how good that precedent remains in light of Molina. You'll have to convince me. I mean, the Supreme Court's recent decisions on the impact of a guidelines error, to me, we haven't had the opportunity to brief you. I'll be happy to when we get there. I think the recent Supreme Court decisions really undermine the validity of that precedent. I agree, the anchoring effect of the guidelines error. But I think that in most of those cases, the alternative sentences don't come out of this district. I think they come out of other districts. They may. In the four years I've been there, I've seen one or two alternative sentences and it's far and away the exception. Can I ask you about this Texas statute on which you rely, or which I rely? In fact, the opinion says, the appellant was charged with aggregated assault of the defendant by either, and then it lists the three things. So he was consistent with your colleague's argument, charged in the alternative there. Are you referring to the Landrian? Landrian. Okay. I think that may be right. I mean, I'm sure it's right. I'm sure you're quoting correctly. I don't think it's dispositive because if we allow, I mean, Texas. Because it goes to your argument that we don't, we can't look at the charging document. Right. And I think that, I'm not going to sit here and say that Texas is the most logical place in the world. There is some strange language in their decisions. They call things lesser included offenses that no one else in the world would because they're not lesser. So it's a very, but allowing that kind of quirky Texas procedure to be dispositive here would both be inconsistent with this court's precedent, which has said look at whether unanimity is required under state law. State law clearly says no, it's not. And it would undermine the purpose of day camp because it would allow these extraneous allegations to control the divisibility inquiry in the first instance and the outcome of the categorical approach in the second. So I just don't see how we can. Can we just close our eyes to reality here because he wasn't charged in the alternative. I mean, that's maybe what we're required to do, but that is what we do. I agree that is what you're required to do. And I think it actually makes sense as a matter of policy anyway to close your eyes here because the inclusion of the knowing or intentional allegation is superfluous under state law. It just makes no difference. And I would take you back to my example of the good Texas lawyer who's advising my client faced with this charge who the client comes in and says, look, I was just reckless so I'm innocent, right? And that good lawyer is going to say, look at the statute, it includes reckless, and look at Hicks and look at Rocha. Also look at this charging document. And that doesn't charge you just with that. It doesn't charge you with that, but what that good lawyer is going to appeal. So you're innocent of this crime charge. Right, but well, you're innocent. But again, that goes back to Landry and where you started, which is the Texas court has said they are not separate crimes. It's a lesser included offense, but not a separate crime. It's a strange thing in Texas, but what this court has said is controlling is the jury unanimity issue, which is clear from Hicks and from Landry and it is consistent with the policy rationale behind day camps as well. Can I ask you about your response in the reply brief and you heard what the government responded here, which was the business about the second and third degree and third and fourth degree. Sure. I think the first thing I would say to that is the sentencing commission could have, instead of saying aggravated assault, it could have said second degree or third degree or fourth degree assault. It chose aggravated. And I think that logically makes sense. But you were making the point, if you go look at state law, it wasn't what they said across the country. And they're saying, oh, yes, it is. Right. So you can see that their original thoughts were correct, even if they didn't cite it quite right. So I guess what I, the substance of my position is, if a state, as some of these do, have three degrees of assault, first, second or third or four or five or however many, to me, when the sentencing commission says aggravated assault, we look at the most aggravated thing that the state calls assault. And that's where the government was cherry picking, did they have to go to second to get what they wanted, did they have to go to third? But we think a fair-minded reading of a fair-minded survey gets us to the position that is consistent with the model penal code. I would add, though, that if you look at what the Sixth Circuit did in McFalls, and I can't recall the other case from the Sixth Circuit, they basically threw up their hands and said it's really hard to tell what in the world aggravated assault means because some states still retain this common law distinction, some do all of these series of different things. Given all of that, we think the logical answer to the generic definition is to just adopt the model penal code. Certainly, analytically, that may be the simpler path. The court could do that. Thank you. Thank you very much. We will ask the clerk to adjourn court and then we'll come down and say hello to the lawyer. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Diana Gribbon Motz, Henry F. Floyd, Andre M. Davis